IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANGELICA MICHELLE GERALD ) | Case No. 20−31979−KLP |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND AUTOMATIC STAY**

COMES NOW ANGELICA MICHELLE GERALD (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Memorandum in Support of Motion to Extend Automatic Stay and, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On April 17, 2020 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on August 14, 2018 and dismissed on or about September 30, 2019 (Case No. 18−34151−KRH) (the "previous case").

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

6. The previous case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments. In the previous case, the Debtor lost her second job and got behind on the Chapter 13 Plan payments. Debtor attempted to catch up on the delinquent payments once her income stabilized, but she was unable to. In March 2020 the Debtor secured a new second job with Amazon. The Debtor's income is now stable and she able to fund a Chapter 13 Plan again.

### Facts of the Instant Case

7. In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for 1 month, then $321.00 per month for 59 months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to Tower Federal Credit Union for a car payment, local and state taxes, and to unsecured creditors a dividend of one percent (1%).

### Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a

preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent

3

a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." <u>Chaney</u> at 694.

## Argument

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and the Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the <u>Neufeld</u> factors to Debtor's circumstances and to this case leads to the following conclusions:

a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

b. *Debtor's financial situation* – Debtor has income from working with Public Partnerships for 10 years. In addition, the Debtor has secondary income from her part-time work for Amazon. Application of this factor favors a finding of good faith.

c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

  d. *Debtor's employment history and prospects* – Debtor has income from working with Public Partnerships for 10 years. In addition, the Debtor has secondary income from her part-time work for Amazon. Application of this factor favors a finding of good faith.

  e. *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $13,099. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

  f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

  g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

  h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

   a.   *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

   b.   *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

   c.   *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

   d.   *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

   e.   *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case.

Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, ANGELICA MICHELLE GERALD respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

ANGELICA MICHELLE GERALD

By Counsel:

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANGELICA MICHELLE GERALD ) | Case No. 20−31979−KLP |
| ) | Chapter 13 |
| Debtor ) | |

#

**AFFIDAVIT OF ANGELICA MICHELLE GERALD**

BEFORE ME, the undersigned authority, personally appeared ANGELICA MICHELLE GERALD, known to me, and upon oath, stated as follows:

1. My name is ANGELICA MICHELLE GERALD I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 9807 Mohawk Drive, King George, VA 22485.

4. I have income from working with Public Partnerships. I am the debtor in the present bankruptcy case. In addition, I have second job with Amazon where I have worked for 2 months.

5. Within the year prior to filing the instant case, I was a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on August 14, 2018 and dismissed on or about September 30, 2019 (Case No. 18−34151−KRH) (the "previous case").

6. The previous case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments. In the previous case, I lost my second job and got behind on the Chapter 13 Plan payments. I attempted to catch up on the delinquent payments once my income stabilized, but I was unable to. In March 2020 I secured a new second job with Amazon. My income is now stable and I am able to fund a Chapter 13 Plan again.

7.  I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

8.  After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

10.  My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

11.  I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

12.  I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

13.  My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on April 17, 2020.

/s/ ANGELICA MICHELLE GERALD (seal)
ANGELICA MICHELLE GERALD

CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me on April 17, 2020, by ANGELICA MICHELLE GERALD.

/s/ Suzanne Elizabeth Falkowski
Notary Public

My Commission Expires:     August 31, 2024
Notary Registration Number:     7868756

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" HAVE CONSENTED TO RECEIVE ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
CASE INFO                          AD ASTRA RECOVERY                  ASHLEY FUNDING SERVICES
 LABEL MATRIX FOR LOCAL NOTICING   7330 WEST 33RD STREET NORTH        P O BOX 10587
04223                              SUITE 118                          GREENVILLE SC 29603-0587
CASE 20-31979-KLP                  WICHITA KS 67205-9370
EASTERN DISTRICT OF VIRGINIA
RICHMOND
THU APR 30 16-46-13 EDT 2020


ASHLEY FUNDING SERVICES LLC        CARL M BATES                       CAPITAL ONE
RESURGENT CAPITAL SERVICES         341 DIAL 8668130912 CODE 8576180   ATTN BANKRUPTCY
PO BOX 10587                       P O BOX 1819                       PO BOX 30285
GREENVILLE SC 29603-0587           RICHMOND VA 23218-1819             SALT LAKE CITY UT 84130-0285




CAPITAL ONE BANK USA NA            CAVALRY PORTFOLIO SERVICES         CAVALRY SPV I LLC
BY AMERICAN INFOSOURCE AS AGENT    ATTN BANKRUPTCY DEPARTMENT         500 SUMMIT LAKE DRIVE STE 400
4515 N SANTA FE AVE                500 SUMMIT LAKE STE 400            VALHALLA NY 10595-2321
OKLAHOMA CITY OK 73118-7901        VALHALLA NY 10595-2322




CENTRAL CREDIT SERVICES LLC        COMENITY BANKVICTORIA SECRET       CREDITORS COLLECTION SERVICE
9550 REGENCY SQUARE BLVD           ATTN BANKRUPTCY DEPT               ATTN BANKRUPTCY
SUITE 500 A                        PO BOX 182125                      PO BOX 21504
JACKSONVILLE FL 32225-8169         COLUMBUS OH 43218-2125             ROANOKE VA 24018-0152




DISCOVER FINANCIAL                 DISCOVER FINANCIAL                 JOHN P FITZGERALD III
ATTN BANKRUPTCY                    PO BOX 3025                        OFFICE OF THE US TRUSTEE  REGION 4 R
PO BOX 3025                        NEW ALBANY OH 43054-3025           701 E BROAD STREET STE 4304
NEW ALBANY OH 43054-3025                                              RICHMOND VA 23219-1849




DEBTOR                             ~~EXCLUDE~~                        KING GEORGE TREASURERS OFFICE
ANGELICA MICHELLE GERALD           ~~JAMES E KANE~~                   10459 COURTHOUSE DR  100
9807 MOHAWK DR                     ~~KANE   PAPA PC~~                 KING GEORGE VA 22485-3865
KING GEORGE VA 22485-3636          ~~1313 EAST CARY STREET~~
                                   ~~PO BOX 508~~
                                   ~~RICHMOND VA 23218-0508~~




MARINER FINANCE                    MARINER FINANCE OF VA              MARINER FINANCE LLC
8211 TOWN CENTER DR                2217 PLANK ROAD                    ATTN BANKRUPTCY
NOTTINGHAM MD 21236-5904           FREDERICKSBURG VA 22401-5226       8211 TOWN CENTER DRIVE
                                                                      NOTTINGHAM MD 21236-5904




MARY WASHINGTON HOSPITAL           MEDICREDIT INC                     MIDWEST RECOVERY SYSTEMS
2300 FALL HILL AVE                 PO BOX 1629                        PO BOX 899
SUITE 314                          MARYLAND HEIGHTS MO 63043-0629     FLORISSANT MO 63032-0899
FREDERICKSBURG VA 22401-3343




NET CREDIT                         PMAB LLC                           PLAZA SERVICES LLC
200 WEST JACKSON BLVD              4135 SOUTH STREAM BLVD SUITE 400   ATTN MANNY WILLIAMS
SUITE 1400                         CHARLOTTE NC 28217-4636            110 HAMMOND DRIVE
CHICAGO IL 60606-6929                                                 SUITE 110
                                                                      ATLANTA GA 30328-4806
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL.
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" SUBSEQUENTLY RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
QUANTUM 3 GROUP LLC              QUANTUM3 GROUP LLC AS AGENT FOR   RECEIVABLE MANAGEMENT INC
COMENITY BANK                    MOMA TRUST LLC                    7206 HULL RD
PO 788                           PO BOX 788                        STE 211
KIRKLAND WA 98083-0788           KIRKLAND WA 98083-0788            RICHMOND VA 23235-0000


RECEIVABLE MANAGEMENT INC        SENTARA PRATT MEDICAL GROUP       SPEEDY CASH
BANKRUPTCY DEPTRECEIVABLES MANAGEMENT   PO BOX 791297              PO BOX 780408
S                                BALTIMORE MD 21279-1297           WICHITA KS 67278-0408
7206 HULL RD STE 211
RICHMOND VA 23235-0000


TOWER FEDERAL CREDIT UNION       TOWER FEDERAL CREDIT UNION        UST SMG RICHMOND
7901 SANDY SPRING ROAD           ATTN BANKRUPTCY                   OFFICE OF THE U S TRUSTEE
LAUREL MD 20707-3589             PO BOX 123                        701 EAST BROAD ST SUITE 4304
                                 ANNAPOLIS JUNCTION MD 20701-0123  RICHMOND VA 23219-1849


VIRGINIA DEPARTMENT OF TAXATIO
PO BOX 2369
RICHMOND VA 23218-2369
```